JERRY McMAHEN, TAX COLLECTOR OF OUACHITA COUNTY
ARKANSAS ET AL *v.* WILSON HARGETT

5-5832                                              478 S.W. 2d 43

Opinion delivered March 27, 1972

*Beryl Anthony,* Pros. Atty., by: *Allen P. Roberts,*
Deputy Pros. Atty., for appellant.

*J. S. Brooks,* for appellee.

FRANK HOLT, Justice. The appellee, taxpayer, brought
this action against the appellants to prevent the collection
of the 1970 tax assessment increases. The increases ranged
from   approximately 30 to 57% more than the 1969
assessments on appellee's real estate. The appellee alleged
that the failure of the assessor to give notice of the in-

creased assessments prevented him from appealing to the equalization board and other appropriate agencies; that when the increases were discovered the equalization board was no longer in session; and that in the absence of proper legal notice the increased assessments constituted an unlawful tax and illegal exaction by taking appellee's property without due process of law.

The chancellor held that the increased assessments for the tax year 1970 were illegal since the appellee received no notice of the increases and ordered that the tax collector should collect only those taxes which were due based upon the preceding year for which appellee's property was assessed. For reversal of that decree the appellants assert that: "The tax assessor was not required to give notice to the plaintiff of the amount of the 1970 assessment since the plaintiff did not voluntarily assess for 1970."

It was agreed that the cause be submitted to the court upon the following stipulation of facts: Appellee-landowner made no voluntary assessment for the 1970 tax year; the tax assessor assessed appellee's real estate before July 1, 1970 and increased the assessment as detailed in appellee's complaint; appellee received no notice of the increased assessments from the assessor; the equalization board never considered the increased assessments.

The law provides that the taxpayer may assess his own property between the first Monday in January and April 10. Ark. Stat. Ann. § 84-414 (Supp. 1969). Also, the county assessor is required to annually assess all real estate between the first Monday in January and July 1. Section 84-415 (Repl. 1960). Furthermore, when a taxpaper voluntarily assesses his real estate and the assessor raises that assessment, the taxpaper is entitled to written notice from the assessor. Section 84-437 (Repl. 1960).

The appellants agree that when the assessor increases the assessed valuation of property voluntarily assessed by a taxpayer, the landowner is entitled to written notice inasmuch as he has a right to rely upon his voluntary assessment unless properly notified. The appellants take

the position, however, that when a taxpayer fails to voluntarily assess each year and does not affirmatively ascertain his assessment by the tax assessor, the taxpayer has waived any right to a written notice.

The appellee responds that when a taxpayer omits assessing his property on a year following his previous assessment, this omission, in effect, "constitutes a voluntary assessment of the evaluation used in the previous tax year and amounts to a voluntary assessment of the property for the current tax year." In other words, the inaction of the taxpayer for the current assessment year results in an extension of the previous year's tax as a voluntary assessment and, therefore, entitles the taxpayer to written notice.

In *Dierks Forests* v. *Shell, Assessor*, 240 Ark. 966, 403 S.W. 2d 83 (1966) a voluntary assessment was made. There we said:

> "First, the tract-by-tract procedure. For many years this has been the usual method by which assessed values have been determined. Under this procedure the landowner may, though he is not required to, voluntarily assess his property between the first Monday in January and April 10. Section 84-414. Dierks followed that course, filing its assessment on April 7.
>
> Whether or not a landowner assesses his property the county assessor must assess all real estate between the first Monday in January and July 1. Section 84-415. If the assessor raises the landowner's own assessment he must give written notice to the landowner and inform him that he may appeal to the equalization board not later than the third Monday in August. Section 84-437.

* * *

The opportunity to appeal to the equalization board and thence to the courts is an essential part of the tract-by-tract procedure. Under the federal constitu-

tion the property owner is entitled at some point to notice and an opportunity to be heard on the fairness of his assessment, as compared with the assessment of other property. *McGregor* v. *Hogan,* 263 U. S. 234 (1923); *Londoner* v. *Denver,* 210 U.S. 373 (1908). Our law complies with the constitution by affording the landowner the necessary opportunity for a judicial review.''

Without the essential elements of the right of notice and appeal, there is a conflict with the constitutional requirement of due process of law. *Security Trust Co.* v. *Lexington,* 203 U.S. 323 (Ky. 1906); *Central of Georgia Railway* v. *Wright,* 207 U.S. 127 (Ga. 1907). The general rule appears to be that when a taxpayer does not assess his property, the proper official may do so as authorized by statute providing the taxpayer is given proper notice and has the right to be heard with appellate review. 84 C.J.S. Taxation § 401.

In the case at bar there were major increases in the assessment valuation of appellee's property. It is agreed that he had no notice from the assessing authority as to these increases in assessments and, further, that such increases were never considered by the equalization board. In the circumstances, to hold that appellee was not entitled to written notice of the increases in his assessments would constitute a denial of due process of law. The appellee had the right to appear and be heard through the appellate processes provided by our statutes before the increased assessments became irrevocably fixed.

Affirmed.

HARRIS, C. J., and FOGLEMAN, J., dissent.

JOHN A. FOGLEMAN, Justice, dissenting. I do not agree that either the Arkansas Statutes or due process requirements make necessary a notice to the owner of a tax

assessor's assessment of property which has not been assessed by the owner, as required by statute.

The argument that the owner's failure to assess is a voluntary assessment at the values fixed for the preceding year is without any support in law.

The assessor is required to file a report of his assessment by a specified time. Ark. Stat. Ann. § 84-447 (Repl. 1960). An owner has a right of appeal from this report to the Board of Equalization. Ark. Stat. Ann. § 84-708 (Repl. 1960). We said in *Dierks Forest* v. *Shell*, 240 Ark. 966, 403 S.W. 2d 83, that opportunity for judicial review provided by our laws met federal constitutional requirements.

This is quite a different matter from an effort to assess property claimed by the taxpayer to be exempt, where the assessor's action was final and not appealable or reviewable.

I am authorized to state that Mr. Chief Justice Harris joins in this dissent.