Mary Delia PRATHER et al *v.* Joe MARTIN,
Sheriff and Collector

74-239                                        519 S.W. 2d 72

Opinion delivered February 10, 1975

*Clark, McNeil & Watson,* for appellants.

*Alex G. Streett* and *Tom Donovan,* for appellee.

GEORGE ROSE SMITH, Justice. The appellants brought these two suits, consolidated below, to enjoin the Faulkner County Collector from collecting real estate taxes attributable to increases in assessed valuations that were assertedly made without notice to the complaining landowners. The trial judge, finding that "the receipt of notice makes no difference," dismissed the complaints for want of equity.

Both cases involve a tract-by-tract reassessment that was undertaken in 1972. That procedure was discussed in detail in *Dierks Forests* v. *Shell,* 240 Ark. 966, 403 S.W. 2d 83 (1966), where we pointed out that notice to the property owner and an opportunity to be heard are constitutionally essential to such a proceeding. The statute requires the assessor to give that notice and to inform the landowner of his right to apply to the equalization board for a review of the increased assessment. Ark. Stat. Ann. § 84-437 (Repl. 1960).

We first consider the Prather appeal, for there is no substantial dispute about the facts in that case. After the reassessment had been completed in July or August of 1972, the county clerk assumed the responsibility of sending out the required notices to landowners whose assessments had been increased. Mrs. Prather was living in Little Rock and her co-owner in Arkadelphia, but the county clerk was unable even by diligent efforts to ascertain either address. Consequently the notice, although prepared, was never mailed and was still in the county clerk's files when the case was tried. Thus it is undisputed that the required statutory notice of the increase in the Prather assessment was not given.

The appellee argues, however, that no notice was necessary, because the landowners had an adequate opportunity to apply for a judicial review of the assessment when they first learned of the increase almost a year later, in August of 1973. Here counsel rely upon that provision of the statute which permits a landowner to appeal to the county

court without having first exhausted his remedy before the equalization board in all cases "where the petitioner shall have had no opportunity to appear before said board." Section 84-708. Counsel contend that no matter when these landowners learned of the increase — even a year later — the ten-day period for an appeal to the county court then began to run. Section 84-718.

That contention is unsound. Section 84-437, *supra,* perhaps goes beyond the minimum constitutional standard by requiring the assessor not only to give the landowner notice of the increase but also to inform him of his right to apply to the equalization board for a review. The appellee's argument would effectively nullify the protection which the legislature intended for the landowner to have, because he would have to appeal to the county court within ten days after learning of the increase and without having received any information about his remedy. We are not convinced that the legislature, in enacting Section 84-708, meant to destroy the protection that it had carefully provided in Section 84-437. Instead, as we indicated in *Jones* v. *Crouch,* 231 Ark. 720, 332 S.W. 2d 238 (1960), the proviso permitting an appeal by a landowner who has had no opportunity to appear before the equalization board is a safeguard against a contingency such as the board's having so many appeals that they cannot all be heard within the time allowed. We accordingly hold that the chancellor erred in denying relief in the Prather case.

In the second case, involving the Ramada Inn property, a question of fact was presented. Kathy Barrett, a deputy county clerk, testified positively that she remembered the Ramada Inn notice, because it was so high. She testified that the notice was actually prepared and put in the hands of L. J. Merritt, the county clerk, for mailing. Merritt testified that a notice was prepared on every parcel and that he picked up the notices daily and mailed them at the postoffice. Some of the notices were returned, but Kathy Barrett stated that the Ramada Inn notice was not in the return files. On the opposite side, Charlotte Wonn, the manager of the Inn, testified that she alone opened the mail and that no notice of the increased assessment was received.

There being evidence that the notice was mailed, the chancellor was right in holding that proof of its receipt was not essential. Due process requires that notice be given, but it may be by publication or by posting notices in public places. *Londoner* v. *Denver,* 210 U.S. 373 (1908); *Glidden* v. *Harrington,* 189 U.S. 255 (1903). The chancellor's conclusion that notice was given in the Ramada Inn case is not clearly against the weight of the evidence.

Affirmed as to the Ramada Inn property, reversed as to the Prather property.