The Honorable N.B. "Nap" Murphy State Representative P.O. Box 556 Hamburg, AR 71646
Dear Representative Murphy:
This is in response to your request for an opinion regarding personal property tax assessments. You have asked, specifically, whether there are any statutes that give the local tax assessor the authority to change a business' personal property tax assessment without notifying the citizen; and if this is possible, under what circumstances does he have this authority?
It must be initially noted that I cannot, in the context of an opinion, address all of the possible circumstances in which a change may be made in a personal property tax assessment without notice to the taxpayer. To answer your specific question, there is no statute that states an assessor may make a change without notice. This does not, however, necessarily mean that any change without notice is invalid. Rather, consideration would have to be given to the particular change in question.
While the factual nature of your question precludes a comprehensive response, a review of the general statutes and principles involved may be helpful.
The procedure under A.C.A. § 26-28-111 (1987) for the correction of errors in the real or personal property tax books after the books have been delivered to the collector does not appear to include a notice requirement. This only applies, however, to the correction of "actual and obvious errors on the tax books and related records, with such errors being restricted to extension errors, erroneous property descriptions, classifications, or listings. . . ." A.C.A. § 26-28-111(c) (1987).
With regard to increases in assessed valuations, notice to the property owner is required under A.C.A. § 26-26-910 (1987) as to increases in voluntary assessments. This section requires written notice to the property owner when the owner voluntarily assesses his property (real or personal) and the assessor raises that assessment. A.C.A. § 26-26-910(a)(2)(A) (1987). See Prather v.Martin, 257 Ark. 576, 519 S.W.2d 72 (1975) (regarding notice requirement). It has been held, additionally, that whether or not the owner voluntarily assesses his or her property, the constitutional requirement of due process of law will require notice of increases in the assessment valuation. See, e.g.,McMahen v. Hargett, 252 Ark. 239, 478 S.W.2d 43 (1972). Whether sufficient notice has been provided in any given instance will, however, involve a fact question to be determined on a case by case basis.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh