The Honorable Gunner DeLay State Representative 2525 Rogers Avenue Ft. Smith, Arkansas 72901
Dear Representative DeLay:
This opinion is being issued in response to your recent question regarding notification of property assessments.
You indicate that one of your constituents received notification of his property assessment from the Sebastian County Assessor's Office. The notice was not legible because the print was very light. The constituent indicated that some of his neighbors received similar notifications and discarded them, thinking that they were blank. This constituent, however, inquired about the notice and was informed that his assessed property value had increased from $6690.00 to $9715.00 — an increase of approximately 45%.
In light of that situation, you have presented the following questions:
 (1) Is a notice of property assessment legal and constitutional even if it is illegible?
 (2) Is a 45% increase in assessed property value legal and constitutional?
RESPONSE
Question 1 — Is a notice of property assessment legal and constitutionaleven if it is illegible?
Arkansas statutory law and the constitutional principle of due process both require that property owners be given notice and an opportunity for a hearing regarding changes in the assessed value of their property. See
A.C.A. § 26-26-910; U.S. Const., am. 14; Ark. Const., art. 2, § 8;Prather v. Martin, 257 Ark. 576; 519 S.W.2d 72 (1975); Diercks Forest v.Shell, 240 Ark. 966, 403 S.W.2d 83 (1966). Neither of these sources of law provides guidelines as to what constitutes adequate notice. Rather, the question of whether notice is adequate under these principles of law is a question of fact that must be decided by a court. Prather, supra.
For this reason, I cannot opine definitively as to the adequacy of the notice about which you have inquired.
It might well be argued as a factual matter, however, that the notice was not adequate because it was illegible. Such an argument would be compelling, in my opinion, given the fact that in Diercks Forest, supra,
the court rejected the use of telephone notice, even though the property owner clearly understood the change in the valuation of the property in question. An illegible notice obviously does even less to inform property owners of a change in valuation than did the notice that the court rejected in Diercks Forest.
It should be noted that the effect of successfully convincing the court that notice was inadequate could be limited to simply providing the property owner with additional time within which to challenge the change in valuation; a finding of inadequate notice will not automatically invalidate the assessment.
Question 2 — Is a 45% increase in assessed property value legal andconstitutional?
It is my opinion that a 45% increase in assessed property value, on its face, is neither illegal nor unconstitutional. Arkansas law provides for no limits upon the value at which property is assessed, other than that property must be assessed at a value within the required ratio to market value. See Ark. Const., art. 16, § 5; A.C.A. § 26-26-304.
The assessment can, however, be challenged by the property owner as simply being incorrect. A.C.A. § 26-26-910.
In addition, the increase in valuation may trigger the rollback provisions of Amendment 59 to the Arkansas Constitution (the pertinent part of which appears at Article 16, § 14 of the Arkansas Constitution), if certain conditions are met. The rollback provisions state:
 Whenever a countywide reappraisal or reassessment of property subject to ad valorem taxes made in accordance with procedures established by the General Assembly shall result in an increase in the aggregate value of taxable real and personal property in any taxing unit in this State of ten percent (10%) or more over the previous year the rate of city or town, county, school district, and community college district taxes levied against the taxable real and personal property of each such taxing unit shall, upon completion of such reappraisal or reassessment, be adjusted or rolled back, by the governing body of the taxing unit, for the year for which levied as provided below.
ARK. CONST., art 16, § 14(a).
The General Assembly, pursuant to the authority granted in the above-quoted constitutional provision, has enacted legislation that sets forth the conditions that must be met in order to trigger a rollback. That legislation, A.C.A. § 26-26-401 et seq., was the implementing legislation for Amendment 59. It states in pertinent part:
 The provisions of this subchapter relative to the adjustment or rollback of millage levied for ad valorem tax purposes shall be applicable only where there is a countywide or statewide reappraisal of property:
(1) Pursuant to court order; or
(2) Pursuant to directive of law enacted by the General Assembly; or
 (3) When the reappraisal is initiated by the assessor, the county equalization board, by directive of the quorum court or upon request of one (1) or more taxing units of a county, and is determined and certified by the Assessment Coordination Division of the Arkansas Public Service Commission as constituting a comprehensive county-wide reappraisal; or
 (4) When ordered by or implemented by a county pursuant to a directive of the division or its successor agency.
A.C.A. § 26-26-401.
The foregoing language indicates that the two factors that can trigger a rollback under Amendment 59 are: (1) qualification as one of the four circumstances listed in A.C.A. § 26-26-401; and (2) an increase over the previous year of ten percent or more in the aggregate value of taxable property in any taxing unit.
If both of these triggering factors have occurred in the situation about which you have inquired, the property owners in question may be able to obtain relief in the form of a rollback.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh