USSERY v. SWEET.

Opinion delivered January 20, 1919.

1. LIFE ESTATES—DUTY TO PAY TAXES.—A life tenant in possession, enjoying the rents and profits, owes the duty of paying the taxes.

2. LIFE ESTATES—DUTY TO PAY TAXES.—Where remaindermen have paid the taxes, they may recover the amount thereof from the life tenant, or have it declared a lien on his interest in the land.

3. LIFE ESTATES—WASTE.—That a life tenant cut trees for firewood, and to make and pay for making repairs on the property did not justify an injunction restraining waste.

Appeal from St. Francis Chancery Court; *E. D. Robertson,* Chancellor; reversed and affirmed.

*W. J. Lanier,* for appellant.

Appellant's argument touching the validity of the tax title is not abstracted because the opinion does not discuss the points argued.

Relief by injunction against the cutting of timber will not be granted unless it is shown that irreparable injury to the property will result, or that destruction of the timber will render the freehold less susceptible of enjoyment, or that the acts of trespass are of a nature to constitute a nuisance, or that the defendant is insolvent. 78 Ark. 408. Testimony to the effect that cutting and removing *all* of the timber would have a tendency to cause the land to wash more rapidly and would not be good husbandry, does not establish these necessary elements required for injunction. 77 Ark. 527; 73 Ark. 199; 75 Ark. 286; 103 Ark. 318; 83 Ark. 149; 67 Ark. 413; 92 Ark. 118; 75 Ark. 286; 22 L. R. A. 233 and note.

A life tenant is entitled to use such timber as is necessary for repairs and improvements. 30 Am. & Eng. Enc. of Law (2 ed.), 245; *Id.* 263; 92 Ark. 533; 96 Tenn. 28; 92 Ark. 264; 63 Ark. 10; 55 Ind. 71; 17 R. C. L. 633.

*Mann, Bussey & Mann,* for appellees.

1. The right to recover taxes in this case does not depend upon the validity of the tax deeds. The burden was on the appellant to pay the taxes on the property, but if he failed, the remainderman had the right to pay the taxes. 16 Cyc. 632.

The principle that a purchaser at a void tax sale may recover his taxes so paid, is too well established to require citation; however, see 70 Ark. 256; 75 Ark. 194; 81 Ark. 296; 83 Ark. 154; 99 Ark. 500.

2. The court's finding that appellant was guilty of waste in cutting and removing timber from the land will not be disturbed unless clearly against the weight of the evidence. 121 Ark. 550; 111 Ark. 593; 122 Ark. 189.

McCULLOCH, C. J. Appellant's former wife, now deceased, owned the lands in controversy and appellant had a life estate as tenant by the curtesy, the title to the remainder in fee having passed to his children. Walter Sweet, one of the appellees, purchased the interest of several of the remaindermen, and his sister, M. L. Sweet, who is also one of the appellees, purchased the land at a tax sale. M. L. Sweet instituted an action at law to recover possession of the land, setting up title under the tax purchase and Walter Sweet subsequently joined in the suit asserting his interest as remainderman and seeking to enjoin appellant from committing waste by cutting and removing timber.

The tract of land in controversy contains about 28 acres, of which all is in cultivation except 3 or 4 acres. Appellant removed and sold timber of the value of $48, and the proceeds are held in the registry of the chancery court. On the trial of the cause below the chancellor decided that the tax sale under which M. L. Sweet claims title is void, and rendered a decree canceling the same, but also decreed in favor of appellees for the recovery of sums paid in discharging tax liens and for a distribution of the proceeds of the sale of timber by appellant, and restraining appellant from further waste. The question of the validity of the tax sale was thus eliminated from the cause, as no appeal has been prosecuted from that part of the decree.

The only questions presented are whether or not the court was correct in rendering a decree in favor of appellees for the recovery of taxes paid and for a proportionate part of the proceeds of the sale of timber and in perpetuating the injunction against appellant concerning the cutting of timber.

The proof shows that appellant failed to pay taxes on the land for certain years, as was his duty to do, because he was the life tenant and in possession, enjoying the rents and profits. The taxes were paid by appellees and they are entitled to recover the same and have the amount declared a lien on appellant's interest in the land.

There is a conflict in the testimony on the question of good husbandry on the part of appellant in cutting timber from the land and it is unnecessary to determine where the preponderance lies on that issue, for we think that the proof fails to show that appellant is about to commit further waste by divesting the land of all of the timber and firewood. He testified that he cut a small amount of timber down near the river's edge and did not cut timber at any other place, except for firewood. He testified further that the small amount of timber cut was for the purpose of making repairs on the place.

We do not think the evidence justified the court in granting an injunction or in distributing the proceeds of the sale of the timber, which the proof shows was sold for the purpose of using the funds in buying other material for repairs on the place.

The decree is to that extent erroneous and will be reversed. In other respects the decree is affirmed. It is so ordered.