Christena HASEMAN *v.* UNION BANK
OF MENA & Liston HASEMAN, Jr.

79-319                                              597 S.W. 2d 67
Supreme Court of Arkansas
Opinion delivered March 31, 1980
Rehearing denied May 5, 1980

*James Howard Smith,* for appellant.

*Shaw, Shaw & Tucker,* by: *Robert L. Shaw* and *Glen G. Langston;* and *J. David Maddox,* for appellees.

DARRELL HICKMAN, Justice. This is the second appeal of this case. In *Haseman* v. *Union Bank,* 262 Ark. 803, 562 S.W. 2d 45 (1978), we reversed and remanded this cause for a new trial. The trial judge in that case had directed a verdict for the appellee, Liston Haseman, Jr.; a verdict was returned in favor of the bank. The matter was retried and the case was submitted to the jury; the jury returned a verdict in favor of the appellee, Union Bank of Mena, but entered judgment for the appellant, Christena Haseman, against her son, Liston Haseman, Jr., for $6,500.00.

The matter in issue hinges upon a withdrawal of $12,-880.32 from a joint savings account. The account was in the name of Christena Haseman, her husband who is now deceased, and their son, Liston Haseman, Jr. It was a passbook account. The son was able to remove the money without presenting the passbook. Mrs. Haseman filed suit against the bank for wrongfully permitting the withdrawal in violation of the rules contained in the passbook and joined the son as a defendant to recover the money.

We set out the facts in the first *Haseman* case and essentially the same facts were presented to this jury.

On appeal, this time, Christena Haseman alleges four errors. First, the trial court erroneously instructed the jury that the bank could change the terms regarding the savings account without giving her actual notice of the change. Second, the court improperly instructed the jury that if they found the son was the owner of the property, then the money in the savings account was his. Almost all of the money was from the sale of timber on land in which Christena Haseman had a life estate and her son was the remainderman. Third, the appellant argues the court erroneously excluded a portion of a letter from the son's attorney which contained a declaration against his interest. Finally, the appellant argues the court should have granted judgment notwithstanding the verdict.

After reviewing the record we find it contains no reversible error and affirm the judgment of the trial court.

The passbook which Mrs. Haseman held contained a provision that no money could be withdrawn unless the passbook was presented. The use of passbooks by banks is discretionary. Ark. Sat. Ann. § 67-519 (Repl. 1966). The passbook in question also contained the provision regarding a change in the rules. That provision reads:

> Notice of any change or addition to Savings Department Rules and Regulations shall be conspicuously posted in the lobby of the bank and shall be binding on depositors after having remained so posted for five consecutive business days.

The bank offered evidence that before Liston Haseman, Jr. withdrew the money it changed its rule which required presentation of passbooks. Evidence was presented to the jury that a notice was posted in the bank lobby according to the rule which we have quoted. The appellant argues that even if the notice was properly posted, actual notice was required.

We do not agree that the notice was deficient in this case. The question of notice was a matter agreed upon when the passbook was issued. The general rule is that a depositor by accepting a passbook is bound by the rules it contains.

*Jefferson County Bldg. & Loan Ass'n.* v. *Southern Bank & Trust Co.,* 225 Ala. 25, 142 So. 66 (1932). The depositor need not read or understand the terms to be bound by them. *Polonsky* v. *Union Federal Sav. & Loan Ass'n.,* 334 Mass. 697, 138 N.E. 2d 115 (1956). See, generally, *Annotation,* 60 ALR 2d 708 (1958). There is, however, authority to the contrary. See *Los Angeles Inv. Co.* v. *Home Sav. Bank,* 180 Cal. 601, 182 P. 293 (1919).

We cannot agree with the appellant that the fact she did not receive actual notice and the money was withdrawn by her son made the bank liable as a matter of law for breach of contract. It was a question for the jury as to whether the bank complied with the contract and the jury found that the bank had, indeed, complied by posting the notice in the bank lobby. We find nothing unconscionable on the part of the bank in changing its rules as it did. After all, her son could not have withdrawn the money under any circumstances if his name had not been on the account. The question was, could the bank change its rule requiring the use of the passbook for a withdrawal without personal notice.

Nor can we say that the notice in this case failed to satisfy any requirement of due process of law. Due process does not always require actual notice. *Londoner* v. *Denver,* 210 U.S. 373, 28 S. Ct. 708, 52 L. Ed. 2d 903 (1908); *Glidden* v. *Harrington,* 189 U.S. 255, 23 S. Ct. 574, 47 L. Ed. 2d 798 (1903); *Prather* v. *Martin,* 257 Ark. 576, 519 S.W. 2d 72 (1975).

The second allegation of error concerns an instruction the court gave over the objections of the appellant regarding the son's ownership of the land. That instruction reads:

If you find that Liston Haseman, Jr. was the owner of the property from which the timber was sold and that Christena Haseman had a life estate in the property, then you must find for the Defendant, Liston Haseman, Jr., and against the Plaintiff, Christena Haseman, regarding the ownership of the money in the account, unless you find that a contract existed between Liston Haseman, Jr., and Christena Haseman, establishing ownership of the account different from the ownership created by law on the account.

The appellant argues this instruction was wrong because the son was not the owner of the land but merely a remainderman and that a life tenant in this case, Christena Haseman, had rights to the timber. The appellant is correct in this respect. A life tenant does have some interest in the timber on the property. A life tenant may cut timber for firewood or to make repairs. *Ussery* v. *Sweet,* 137 Ark. 140, 208 S.W. 600 (1919). In the case of *Rutherford* v. *Wilson,* 95 Ark. 246, 129 S.W. 534 (1910), we upheld a jury verdict that found a life tenant entitled to about $100 she received from selling timber on about 25 acres of a 230 acre tract of land.

Even so, we cannot find that the appellant was prejudiced because the jury obviously ignored this portion of the instruction, finding by its verdict that Mrs. Haseman was entitled to $6,500.00, or about half of the money in question. If the erroneous part of the instruction had been followed by the jury she would have received nothing. We will not reverse a judgment where the error is harmless. *McCoy Farms, Inc.* v. *J & M McKee,* 263 Ark. 20, 563 S.W. 2d 409 (1978). It is somewhat a mystery why the attorney for the son would submit this instruction and the court would accept it in view of the language in the first *Haseman* case where we said unequivocally that the ownership of the money was a question of fact to be decided by the jury.

The third allegation of error is regarding the second page of a letter which the son's attorney wrote before trial. The first page was submitted to the jury. It is argued that that portion of the letter which was withheld from the jury contained a statement which was a declaration against the interest of the son. That statement, which was excluded, reads:

> If you feel as though you might be able to assist us in having the property reconveyed back to Liston, then some concessions might be made by Liston regarding the account which was closed. I would appreciate hearing from you at your earliest convenience regarding this matter.

The trial court excluded this portion of the letter finding it in the nature of an offer to compromise, which, according to

Ark. Stat. Ann. § 28-1001, Rule 408 (Repl. 1979), may not be admitted for the purpose of establishing liability or the validity of a claim. The rule regarding a declaration against interest may be found in Ark. Stat. Ann. § 28-1001, Rule 804(b)(3) (Repl. 1979). An admission against interest is governed by Ark. Stat. Ann. § 28-1001, Rule 801(d)(2) (Repl. 1979). We cannot say the portion of the letter excluded from the jury was a declaration against interest or an admission. We cannot say the trial court abused its discretion in finding that it was of such a nature that ought to be excluded.

Finally, the appellant argues that her motion for a judgment notwithstanding the verdict should have been granted. The test for determining if a judgment notwithstanding the verdict should be entered is the same as that for determining whether a verdict should be directed and that is whether there was substantial evidence to support the verdict. *Williams* v. *Curtis,* 256 Ark. 237, 506 S.W. 2d 563 (1974). A verdict should not be directed where the testimony is in conflict and the evidence should be evaluated in the light most favorable to the party opposing the motion. *Williams* v. *Curtis, supra.* See also, *Satterfield* v. *Rebsamen Ford, Inc.,* 253 Ark. 181, 485 S.W. 2d 192 (1972).

We find there was substantial evidence to support the verdict and cannot say the court abused its discretion in denying the motion after judgment was entered.

Affirmed.