ARKANSAS DEPARTMENT OF FINANCE AND
ADMINISTRATION *v.* CITY OF NORTH LITTLE
ROCK, Reed THOMPSON, Mayor

83-128                                                    659 S.W.2d 937

Supreme Court of Arkansas
Opinion delivered November 7, 1983

*Kelly S. Jennings,* for appellant.

*Jim Hamilton,* City Atty., for appellees.

GEORGE ROSE SMITH, Justice. By Act 256 of 1979 the
General Assembly adopted the Uniform Disposition of
Unclaimed Property Act. Ark. Stat. Ann. §§ 50-620 to -647
(Supp. 1983). The City of North Little Rock held unclaimed
property within the act, in that its Electric Department had
operated the city's electric distribution system for many
years and had accumulated $58,631.29 in small deposits
made by its customers to secure the payment of their
monthly bills and left unclaimed when they ceased being
customers of the utility. In this suit by the State to recover the
accumulated $58,631.29, the chancellor upheld the State's
right to recover the money, but gave the city credit for
$5,101.36 representing the cost to the city of its employees'
working hours in determining the total amount of deposits
that had been unclaimed over a period of some twenty years.
On this appeal by the State the only question is whether the

city is entitled to the $5,101.36 credit. We agree with the chancellor.

There is no dispute either about the accuracy of the sum claimed by the city or about the fact that except for the passage of the unclaimed property statute the city would not have been required to comb its records for many years past to determine the total of some 7,893 unclaimed deposits. The State, however, makes two arguments against the city's asserted "bookkeeping charge." First, the city admits that no charge at all would have been made against any former customer who turned up and claimed the amount of his deposit. Hence, the State argues, the charge is merely an administrative expense that has already been included in the city's rates for the sale of electricity and should not be charged a second time to the State. Second, the charge was not made until after the unclaimed deposits became reportable under the unclaimed property statute and should be disallowed on the court's reasoning in *Boswell* v. *Samson Banking Co.,* 368 So. 2d 547 (Ala. Civ. App. 1978).

This is really a single argument, which we do not find convincing. The testimony is that although the city does refund dormant deposits to its customers on request, the matter of looking up a single account for a known customer is trivial. By contrast, if the unclaimed property act had not been passed there would have been no occasion for the city to ascertain the total amount of 7,893 unclaimed deposits, and therefore no extra expense. There is also proof that the city could not have anticipated such an outlay in its budget before the statute was adopted. Hence the rates charged to the utility customers were not fixed in contemplation of such an extraordinary one-time expense. As for the *Boswell* case, there the court merely rejected a bank's afterthought by which it tried to impose fictitious monthly service charges upon dormant accounts against which no such charges had been made until the state enacted the Uniform Unclaimed Property Law.

The really controlling consideration is that it is fair, it is reasonable, to impose the charge in question on the State rather than on the city. It is a platitude in the law, often

brought in as a makeweight, that when one of two innocent persons must suffer, the loss should be borne by the one whose conduct induced the loss. *Pine Bluff Nat. Bank* v. *Parker,* 253 Ark. 966, 490 S.W.2d 457 (1973); *Snuffy Smith Motors* v. *Universal C.I.T.,* 236 Ark. 954, 370 S.W.2d 808 (1963). This case is an instance in which the principle should be followed. By the passage of the unclaimed property statute the State, quite properly it is true, sought to gather into its treasury windfalls that would otherwise have been received by the City of North Little Rock and countless other institutions holding unclaimed property. The statute, however, imposed a financial burden on this particular city which it would not have incurred had the law not been passed. In the circumstances it is just that the State should not reap the benefits of its statute without also bearing its accompanying burdens.

Affirmed.