Sonny MEDFORD, d/b/a MEDFORD ELECTRIC, INC.
*v.* WHOLESALE ELECTRIC SUPPLY COMPANY,
INC.

85-48 691 S.W.2d 857

Supreme Court of Arkansas
Opinion delivered June 24, 1985

*Daggett, Van Dover, Donovan & Cahoon*, by: *Robert J. Donovan*, for appellant.

*W. Frank Morledge, P.A.*, for appellee.

ROBERT H. DUDLEY, Justice. Appellee, Wholesale Electric Supply Co., Inc., filed suit on an open account against appellant,

Sonny Medford, d/b/a Medford Electric, Inc. Appellant countered that the interest charges were usurious. The trial court held that the charges were valid because of provisions in the Monetary Control Act of 1980. 12 U.S.C. § 86a. We affirm. This Court has jurisdiction to decide cases involving usury. Rule 29(1)(e).

The open account is for a series of purchases of electrical materials which occurred between April 1981 and December 1982. The materials were resold by appellant through his electrical contracting business. Before December 2, 1982, appellee charged 5/6 of 1% per month or 10% per year, on the open account. On December 2, 1982, appellee started charging simple interest of 1.25% per month, or 15% per year. The rate of interest amounted to five percent in excess of the Federal Reserve discount rate for 90 days commercial paper at that time. On December 2, 1982, the date the interest rate on the account was increased to above 10 percent, the entire principal balance of the account was due. It amounted to over $10,000.00.

Neither party argues that Amendment 60 is applicable to the case, and we do not address that issue. Appellant argues that the appellee failed to meet its burden of proving a "loan in the amount of $1,000.00 or more" which would cause the provisions of 12 U.S.C. § 86a to be applicable.

Prior to the federal Monetary Control Act of 1980, and prior to the adoption of Amendment 60 to the Arkansas Constitution, the 1982 Interest Rate Control Amendment, there was a maximum fixed rate of interest applicable to Arkansas loans. Article 19, Section 13 of the Constitution of Arkansas. With the provision for a maximum fixed rate of interest, a contract was either usurious or not usurious on its face. We held that if it was usurious on its face, the holder had the burden of proving its validity, but if it was not usurious on its face, the borrower had the burden of proving its invalidity. See Knox v. Goodyear Stores, 252 Ark. 530, 479 S.W.2d 875 (1972); Nineteen Corp. v. Guar. Fin. Corp., 246 Ark. 400, 438 S.W.2d 685 (1969). However, we no longer have a maximum fixed rate. Now, under either federal or state law, the maximum rate of interest is a variable one — whatever rate equals five percent in excess of the Federal Reserve discount rate on 90 day commercial paper. Therefore, a contract no longer can be usurious on its face and, as a result, the borrower will always have the burden of proving usury. Consequently, the

appellant had the burden of proving usury in this case.

 Both parties agree that the Monetary Control Act of 1980 is the act which governs this case. The pertinent part of the Act, Section 86a, provides that business or agricultural loans in the amount of $1,000.00, or more, made on or after April 1, 1980, but before the effective date of Amendment 60, may lawfully bear interest at the rate of 5 percent in excess of the Federal Reserve discount rate on 90 day commercial paper. This open account accrued during that period. The act defines a loan in the following terms:

(1) the term "loan" includes all secured and unsecured loans, *credit sales*, forbearances, *advances*, *renewals or other extensions of credit* made by or to any person or organization for business or agricultural purposes; (Emphasis added.)

The open account before us falls into the category of credit sales, advances and extensions of credit. Consequently, it was a loan as defined by the act. In addition, it was for business purposes.

█ Appellant contends that even if it was a business loan, it was not a loan in the amount of $1,000.00 or more. We find no merit in the argument. At the time the interest rate was increased to more than 10%, the balance on the account, as a result of a series of sales, was $10,771.61. The act specifically covers loans which are "part of a *series* of advances if the *aggregate* of all sums advanced. . .is. . .$1,000.00 or more. . ." (Emphasis added.) 12 U.S.C. § 86a, note, subsection (b)(2)(B).

Affirmed.

GEORGE ROSE SMITH, J., not participating.