TAYLOR'S MARINE, INC.; and Kevin and Lori Taylor *v.* WACO MANUFACTURING, INC.

90-75                                      792 S.W.2d 286

Supreme Court of Arkansas
Opinion delivered June 25, 1990

---

*Dan McCraw*, for appellant Taylor's Marine, Inc.

*Crockett & Brown, P.A.*, by: *Robert J. Brown*, for appellants Kevin and Lori Taylor.

*Friday, Eldredge & Clark*, by: *James C. Baker, Jr.*, for appellee.

TOM GLAZE, Justice. The appellee manufactures recreational boats, and during the period from April 6, 1987, to July 28, 1988, the appellant Taylor's Marine purchased twelve boats on an open account. The parties entered into twelve separate sales

contracts, and all of these contracts, by agreement of the parties, provided for a deferred payment date after the date of delivery. On August 31, 1987, Taylor's Marine became delinquent on six of the boats, and the parties agreed that Taylor's Marine would pay interest of 1 % per month until payment could be made. As Taylor's Marine also failed to pay on the other six boats, the appellee began charging 1 % interest per month on those contracts as well.

Eventually, Taylor's Marine defaulted on all twelve sales contracts, and the appellee filed suit in the circuit court. The complaint was later amended, adding appellants, Kevin and Lori Taylor, as parties because they personally guaranteed some of the sales contracts. The appellants counterclaimed alleging that the appellee had charged usurious interest. In addition, Kevin and Lori Taylor answered alleging that a suit against them was premature and that the appellee had materially altered the terms and conditions after the execution of their collection guarantees. The Taylors also filed a motion to transfer the case to chancery court, which was denied.

The trial judge gave the appellee a judgment on the principal of the open account against Taylor's Marine and Kevin and Lori Taylor, to the extent of their personal guarantees. But, the trial judge found in favor of the appellants on their counterclaim by awarding them $11,404.38 for past unlawful interest paid. The appellants appeal from this judgment alleging that the trial court made the following errors: (1) miscalculating the amount of their recovery for usurious interest paid to the appellee; (2) denying the Taylors' motion to transfer the case to chancery court; and (3) setting off the usury judgment prior to the finding that the appellants' lien for attorney's fees had attached to the judgment for usury. We find no error and therefore affirm.

■ Under Ark. Const. art. 19, § 13, contracts having a rate of interest that exceeds 5 % per annum above the federal reserve discount rate at the time of the contract are void as to the unpaid interest, and the person who has paid the unlawful rate may recover twice the amount of the interest paid. Pursuant to this provision, the trial court found that the appellants paid $5,702.19 in usurious interest and awarded them $11,404.38. As their first point for reversal, appellants argue that they were entitled to

recover $29,185.38. In reaching this figure, the appellants contend that they paid $6,744.00 in usurious interest and that $7,847.69 of interest paid because of cash differentials should have been included.

We do not set aside findings of fact by a circuit judge sitting as a jury unless they are clearly erroneous. ARCP Rule 52(a). In reviewing the evidence before the trial judge, we note that appellants' exhibit number one, an affidavit from Tom Cox, appellee's vice president, clearly states that $5,702.19 was paid in interest. Further, a handwritten statement, apparently from Taylor's Marine, attached to appellants' exhibit number two states that the total interest paid was $5,702.19. In arguing that $6,744.00 is the correct amount of interest paid, the appellants rely on their exhibit number five and Lori Taylor's testimony. That exhibit is a confusing hodgepodge of appellee's invoices and the appellants' checks. Some of the copies are illegible, others are duplicated, and they are in no order of sequence. Appellants' reliance on Lori Taylor's testimony is also incorrect. Lori Taylor merely stated that she thought the amount of interest paid was $6,744 and some cents, but she stated that she was not sure.

Further, the appellants have not met their burden in showing that $7,847.69 of interest paid because of cash differentials should be included as usurious interest. *See Medford v. Wholesale Elec. Supply Co.*, 286 Ark. 327, 691 S.W.2d 857 (1985). At the hearing, there was testimony to show that if Taylor's Marine quickly sold a boat purchased from the appellee, the appellee would allow a cash price discount of 2 to 3%. However, we are unable to discern from our study of the record that this discount had anything to do with the 1% interest charged on the twelve (12) boats not paid for by the appellants. In sum, we cannot say that the trial court's finding that the appellants were entitled to $11,404.38 for the interest paid was clearly erroneous.

In the second point, Kevin and Lori Taylor argue that the trial court erred in denying their motion to transfer the case to chancery court.[1] In their motion, the Taylors gave the following three reasons for the transfer of the case to chancery court: (1) the

---

[1] We note the Taylors filed their motion to transfer on the same day of their answer.

appellee committed usury and equitable principles are necessary to settle the accounts; (2) by this usurious conduct, the appellee is equitably estopped by the general principles of unclean hands from proceeding against them; and (3) the appellee is equitably estopped from making a claim against them because it materially altered the undertaking of the parties after the execution of the guaranty contracts.

We have held that it is error to fail to transfer a case only when the defense is exclusively cognizable in equity. *Herrick v. Robinson*, 267 Ark. 576, 595 S.W.2d 637 (1980). We do not have such a case here. Although the Taylors used such equitable terms as "equitably estopped" and "unclean hands," they are merely referring to appellee's unlawful conduct in charging usurious interest. As previously discussed, Taylor's Marine and the Taylors received relief due to appellee's unlawful interest charges and that relief was clearly cognizable in circuit court. Regarding the Taylors' claim that their guarantees could not be enforced because of such usurious charges and material alterations of the parties' agreement, that defense, too, can be asserted and granted in law.[2] *See generally Inter-Sport, Inc. v. Wilson*, 281 Ark. 56, 661 S.W.2d 367 (1983). We have often said that equity has no jurisdiction where there is a complete and adequate remedy at law. *See, e.g., Herrick*, 267 Ark. 576, 595 S.W.2d 637. Since the Taylors' defenses were not exclusively cognizable in equity, we cannot say that the trial court erred in failing to transfer the case.

In the final point, the appellants contend that the trial court erred in setting off the usury judgment without allowing their attorney the chance to request that his lien for attorney's fees be enforced. We summarily dismiss this issue because the appellants failed to raise it timely below and failed to get a ruling.[3]

For the reasons stated above, we affirm.

TURNER, J., not participating.

---

[2] The Taylors raised this point in their answer, but, thinking perhaps that they would raise it in equity, they chose not to pursue it in this circuit court proceeding.

[3] While not abstracted, the transcript reflects that the appellants attempted to raise this issue in a post-judgment letter. The trial court's reply reflects that the issue was not raised before and no ruling was made.