Ron WOOD, Ed Wood, and Buck Graham *v.*
The CORNER STONE BANK

93-444                                             866 S.W.2d 385

Supreme Court of Arkansas
Opinion delivered December 6, 1993

*William R. Mayo*, for appellants.

*Ralph C. Williams*, for appellee.

JACK HOLT, JR., Chief Justice. The issue before us is whether the trial court erred in finding there was sufficient evidence to support a claim and judgment against the appellants, Ron and Ed Wood, and Buck Graham, for conversion of property in which the appellee, The Corner Stone Bank, claimed a proprietary interest. We hold that the evidence was sufficient and affirm.

James P. Chamberlain, a resident of Benton County, Arkansas, obtained a $12,930.73 loan from The Corner Stone Bank and gave the bank a security interest in a 1980 Great Dane trailer and a 1984 Ford one-ton truck. Apparently, the Great Dane trailer was stolen, and the bank agreed to apply the insurance funds from the loss on the purchase of another trailer. As a result, Chamberlain brought in a title to a 1977 TIMP trailer which was accepted by the bank as substituted security for the stolen trailer. The TIMP trailer's certificate of title reflected that it was owned by brothers, Ron and Ed Wood, doing business as W. W. Trucking. An endorsement on the certificate reveals that Ron

Wood apparently transferred title and sold the TIMP trailer to Chamberlain. As a result, the bank and Chamberlain executed a new security agreement to reflect the substituted collateral. Thereafter Chamberlain defaulted on his payments, and the bank took possession of the trailer storing it at its lot in McDonald County, Missouri.

Later, Ed Wood sent Buck Graham to look for the trailer. When Graham reported its location, Wood obtained a tractor, took the trailer from the lot without notice to the bank, and towed it to Buck Graham's place of business in northwest Arkansas. Graham purchased the trailer for $1,255 and immediately salvaged it.

The Corner Stone Bank filed suit for conversion against the appellants, Ron Wood, Ed Wood, and Buck Graham, for the value of the trailer and punitive damages. After a bench trial, the bank was awarded $4,000 in compensatory and $2,000 in punitive damages. We uphold the trial court as we do not set aside the findings of fact by a circuit judge sitting as a jury unless they are clearly erroneous. *Taylor's Marine, Inc.* v. *Waco Mfg.*, 302 Ark. 521, 792 S.W.2d 286 (1990).

As argued by the appellants, section 2-403(1) of the Uniform Commercial Code provides that "a purchaser of goods acquires all title which his transferor had." Typically, this "Derivative Title Principle" works to the advantage of the original owner — i.e. since Chamberlain supposedly did not have good title to pass on to the bank, the original owners, the Woods, would succeed.

However, four exceptions to this derivative title principle have been recognized in the Uniform Commercial Code and in common law. Relevant to the issue at hand is the fourth exception, the "Preclusion Exception," which is found in common law and equity rather than in the U.C.C. This exception is well enunciated in an article by Professor Robert Laurence, entitled *Bona Fide Purchaser Analysis, Beverage Products Corporation v. Robinson and the Case against Very Short Opinions*, Ark. L. Notes 85 (1990). According to Professor Laurence, this doctrine holds that irrespective of the property holder's (such as Chamberlain) actual title — void, voidable or good — there will be times when the original owner's behavior does not justify

allowing him to dispute the property holder's title. Therefore, the purchaser of the property will win, not so much on his own behalf but rather due to the original owner's procedural inability to force the contrary results. *Id.*

Applying the preclusion exception to the facts before us, it is clear that Woods's and Graham's conduct does not justify allowing them to dispute the bank's security interest in the trailer. When the bank could not get Chamberlain to cooperate in perfecting a new title reflecting a lien in its favor, it contacted Ron Wood, as the listed seller on the certificate of title, to see if he would help. According to a loan officer, neither of the Woods told him that the signature on the certificate was allegedly forged. At trial, Ron Wood, to the contrary, stated that he had loaned the trailer to Chamberlain in order for him to fix it up and had given him possession of the trailer's title to "obtain what permits he might need." Wood claimed that when he presented Chamberlain with the title, the back of the certificate was signed, but he had not signed its front nor was he present when his signature on the back was notarized. The notary public, Mr. Hueston Brown, maintained that he did not remember whether Ron Wood signed the document in front of him or not. The Woods were aware the bank had possession of and a possible security interest in the trailer, yet they failed to inform or make mention to the bank that they disputed that Chamberlain had valid title.

Persuasive is the fact that the bank had no cause to be aware that anything was amiss and that Chamberlain presented the bank officer with a certificate of title seemingly signed by the owner and notarized.

The appellants ask us to rely upon *Pachter, Gold & Shaffer v. Yantis*, 742 F.Supp. 544 (W.D. Ark. 1990) for reversal, but this case is of no moment. There, the federal district court held that an owner of a lamp retained title to it after it was wrongfully pledged by his agent, and the sums received from the lamp's sale could be garnished by the owner's creditor. Yet, this case is distinguishable from the facts before us. In *Pachter*, there was no evidence that the original owner of the lamp had done anything to induce the loss, whereas here, the Woods furnished Chamberlain with the title as well as possession of the trailer.

In *Snuffy Smith Motors* v. *Universal C.I.T.*, 236 Ark. 954, 370 S.W.2d 808 (1963), a case involving the question of title in two automobiles, we held that, "Where one of two innocent parties must suffer. . . the burden should be borne by the one whose conduct can be said to have induced the loss. We think the appellee is least at fault as between it and appellant." *Id.* This principle embodies the preclusion exception and has been upheld in other situations. *Lane v. Rachel*, 239 Ark. 400, 389 S.W.2d 621 (1965); *Pine Bluff Nat'l Bank* v. *Parker*, 253 Ark. 966, 490 S.W.2d 457 (1973); *Arkansas Dept. of Fin. & Adm.* v. *City of No. Little Rock*, 280 Ark. 512, 659 S.W.2d 937 (1983).

In sum, the Woods's as well as Graham's conduct precludes them from disputing the bank's proprietary interest in the trailer taken from its possession — thus, the trial court's finding of a conversion of property was correct.

Affirmed.