_____

No. 95-1819EA
_____

Venture Properties, Inc.,                    *
                                             *
                 Appellant,                  *
                                             *      Appeal from the United States
        v.                                   *      District Court for the Eastern
                                             *      District of Arkansas.
First Southern Bank,                         *
                                             *
                 Appellee.                   *
                                       _____

                        Submitted:  November 17, 1995

                          Filed:  March 7, 1996
                                  _____

Before RICHARD S. ARNOLD, Chief Judge, HENLEY, Senior Circuit
      Judge, and FAGG, Circuit Judge.
                                  _____

FAGG, Circuit Judge.

        Venture Properties, Inc. (Venture) appeals following a jury verdict
in favor of First Southern Bank (First Southern) on Venture's usury claim.
We affirm.

        Venture owed a total of about $2 million on two promissory notes.
After the notes came due and Venture was unable to pay, the creditors
holding the notes offered to accept $1.3 million in full satisfaction of
the debts if Venture could make the payment by the end of the year.
Because Venture did not have $1.3 million available, Venture worked out a
special arrangement with First Southern, an Arkansas bank.  First Southern
bought the promissory notes from Venture's creditors for $1.3 million.
Venture agreed to make three monthly payments of $20,000 to First Southern
and then purchase the notes for about $1.34 million.  Although Venture made
the monthly payments as agreed, Venture had not raised enough money

to purchase the notes from First Southern at the end of the three months. First Southern then imposed some financial penalties on Venture, and Venture protested. In the following weeks Venture was able to raise some capital, the parties reached a compromise about how much Venture owed, and First Southern accepted about $1.4 million as payment in full.

Venture then brought this lawsuit, contending the financial arrangement with First Southern was in essence a usurious $1.3 million loan from First Southern to Venture. Based on all the payments Venture made to First Southern, Venture calculated the "loan" had an annual interest rate of almost 30% that greatly exceeded the maximum interest rate permitted by federal usury law. See 12 U.S.C. § 1831d (1994). First Southern argued its arrangement with Venture was not a loan, but a legitimate purchase and sale agreement not subject to usury restrictions. First Southern also raised several affirmative defenses. A jury returned a general verdict in favor of First Southern and the district court entered judgment on the verdict.

On appeal, Venture argues the district court should have granted Venture's motion for judgment as a matter of law. We disagree. Because First Southern is located in Arkansas, 12 U.S.C. § 1831d allowed First Southern to charge the maximum interest rate that Arkansas law would permit on the transaction with Venture, and § 1831d requires us to apply Arkansas's entire substantive law of usury to determine what that rate was. See First Nat'l Bank v. Nowlin, 509 F.2d 872, 876 (8th Cir. 1975) (holding 12 U.S.C. § 85 incorporates state substantive usury law); Greenwood Trust Co. v. Massachusetts, 971 F.2d 818, 826-27 (1st Cir. 1992) (stating 12 U.S.C. § 1831d parallels 12 U.S.C. § 85 and should be interpreted the same way), cert. denied, 506 U.S. 1052 (1993). Under Arkansas law, purchase and sale agreements are not subject to any usury restrictions unless the agreements are merely disguised loans. General Elec. Credit Corp. v. Robbins, 414 F.2d 208, 209-210 (8th

Cir. 1969); Estate of Traylor v. Harmon, 576 S.W.2d 201, 202-03 (Ark. 1979) (en banc); Haley v. Greenhaw, 360 S.W.2d 753, 756-57 (Ark. 1962). Whether a purchase agreement is actually a disguised loan is a question of fact, Haley, 360 S.W.2d at 758, and First Southern presented sufficient evidence for a reasonable jury to conclude the agreement in this case was not a loan and thus was not usurious. For example, First Southern officials testified they refused Venture's request for a loan and proposed the purchase and sale agreement as an alternative. See Geominerals Corp. v. Grace, 338 S.W.2d 935, 938 (Ark. 1960). First Southern also presented evidence that neither Venture nor First Southern treated the transaction as a loan in their financial records. See id. at 938-39. In our view, the district court properly denied Venture's motion for judgment as a matter of law and allowed the jury to determine the transaction's true nature.

Venture also challenges several of the district court's jury instructions. After carefully reviewing Arkansas usury cases, we conclude the district court correctly instructed the jury that Venture was required to prove usury by clear and convincing evidence. See Renfro v. Swift Eckrich, Inc., 53 F.3d 1460, 1466 (8th Cir. 1995) (citing Smith v. MRCC Partnership, 792 S.W.2d 301, 305 (Ark. 1990)). Venture cannot shift the burden of proof to First Southern because the transaction was not usurious on its face. Medford v. Wholesale Elec. Supply Co., 691 S.W.2d 857, 858-59 (Ark. 1985). Moreover, the district court did not abuse its discretion in framing the jury instruction about discounting or by rejecting Venture's proposed instruction about profit, because the jury instructions as a whole fairly and adequately explain the applicable law. See Resolution Trust Corp. v. Eason, 17 F.3d 1126, 1132 (8th Cir. 1994).

We also reject Venture's contention that the district court should not have instructed the jury to consider First Southern's affirmative defenses of compromise and settlement, accord and

satisfaction, and estoppel.  Unlike Venture, we believe the record would allow a reasonable jury to conclude Venture settled its usury claim against First Southern when Venture negotiated the final "payment in full" for the notes, and then Venture changed its position and filed a usury claim.  Thus, the district court correctly submitted the affirmative defenses to the jury.

Venture also claims the district court violated Federal Rule of Civil Procedure 39 and abused its discretion by granting First Southern's untimely request for a jury trial.  We need not consider whether the district court committed a procedural error because any error would be harmless.  <u>See</u> Fed. R. Civ. P. 61.  Venture has not asserted it was prejudiced by the district court's decision to conduct a jury trial rather than a bench trial, and the record does not reveal any prejudice.  <u>Id.</u>

Having decided Venture received a fair trial in the district court, we affirm the judgment for First Southern.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-