Roy GRAY *v.* Kenneth E. SUGGS

86-244                                728 S.W.2d 148

Supreme Court of Arkansas
Opinion delivered April 20, 1987

*Morgan E. Welch, P.A.*, for appellant.

*Wright, Lindsey & Jennings*, by: *Roger A. Glasgow*, for appellee.

JOHN I. PURTLE, Justice. The trial court granted summary judgment in favor of the appellee on the ground that there was no genuine issue as to any material fact. The only issue on appeal is whether the trial court erred in granting summary judgment. We hold that the trial court correctly dismissed the complaint.

The appellant, Roy Gray, brought an action for loss of parental consortium on behalf of his two minor children. Mattie Jones, the mother of the children, had been involved in a one-car accident. She was a passenger in the car that was driven by Leslie M. Murphy (who is now deceased as a result of causes that are unrelated to the accident). Mattie Jones was rendered a quadriplegic from the injuries sustained in the accident. Upon settling her damage claim with the driver's insurance carrier, she executed a release. The release relieved the potential defendant from liability for damages to the appellant; however, it did not release Murphy, or his carrier, from liability to anyone other than Mattie Jones.

At all times prior to the accident, Mattie Jones had been the sole supporting parent of her two children. After the accident the father of the two children was granted guardianship and subsequently filed suit on behalf of his children. A special administrator was appointed to represent the estate of Murphy, the deceased.

During the pendency of this action, this Court rendered the opinion of *Lewis* v. *Roland*, 287 Ark. 474, 701 S.W.2d 122 (1985). We hold that the *Lewis* case is controlling in the present situation. We reaffirm our reasoning in *Lewis* that to recognize an independent claim on behalf of the minor children would open the floodgates of litigation.

Apparently the mother of the children gave a valid release of liability to the tortfeasor and his insurance carrier. The release was for any, and all, claims which she had, or might have, arising out of the accident. In reaching our decision, no reliance has been placed upon this release. The sole question presented and decided here is whether we should recognize a new cause of

action for loss of parental consortium by dependent, minor children of an injured parent. We have conscientiously considered this matter and we agree with the conclusion reached in *Lewis* that the creation of such a cause of action is not properly a function of the judiciary; rather, it is a matter for the legislature.

Affirmed.