B.J. McNAIR, et ux *v.* OZARK GAS TRANSMISSION SYSTEM and H.B. ZACHRY COMPANY

86-261                                   729 S.W.2d 165

Supreme Court of Arkansas
Opinion delivered May 18, 1987

*Clark & Adkisson*, for appellant.

*Laws, Swain & Murdock, P.A.*, by: *Ike Allen Laws, Jr.* and *Timothy W. Murdock*, for appellee.

DARRELL HICKMAN, Justice. This case was referred to us by the court of appeals.

The appellants, B. J. and Kitty McNair, sued the Ozark Gas Transmission System and a pipeline construction company, H. B. Zachry Company, for damages to their land resulting from construction of a pipeline across their land. The jury returned a verdict for the McNairs for $1,000. The McNairs appeal and the appellees cross-appeal. We find no merit in either appeal, the record being void of any prejudicial error and the arguments being simply disputes over the facts.

The McNairs argue that one of the jury instructions was wrong because it allowed the jury to deduct from any damages awarded the sums already paid by Ozark. The argument is that the instruction was not supported by any evidence. We disagree. There was evidence and arguments made that the McNairs were prepaid for damages claimed and that the McNairs released fully or partially any claims against Ozark.

The McNairs argue the trial judge was wrong in ruling that a letter addressed to Ozark was inadmissible. The judge had the discretion to admit or deny the letter offered during the rebuttal testimony of an Ozark witness; there was evidence that the letter was not properly addressed and concerned a collateral matter. No error was committed.

Ozark argues on cross-appeal that the judge should have found the releases discharged it completely from liability for damages within the right-of-way. But there was a dispute whether the releases only covered damages to the land within the right-of-way or also damages outside it. This issue of fact was properly submitted to the jury. *Abbott* v. *Parker*, 103 Ark. 425, 147 S.W. 70 (1912).

Ozark also complains that the judge should not have instructed the jury on trespass because the matter was completely contractual between the parties. The jury found no trespass damages, so the appellees could not have been prejudiced. We will not reverse where no prejudice is shown. *Peoples Bank & Trust Co.* v. *Wallace*, 290 Ark. 589, 721 S.W.2d 659 (1987).

Affirmed.