## NORTHWESTERN NATIONAL LIFE INSURANCE COMPANY *v.* Bruce A. HESLIP

89-267                                                    790 S.W.2d 152

Supreme Court of Arkansas
Opinion delivered May 21, 1990

*Stanley, Harrington & Mars*, by: *Thomas A. Mars*, for appellant.

*Hixson, Cleveland & Rush*, by: *David L. Rush*, for appellee.

STEELE HAYS, Justice. The appellee, a member of the Arkansas National Guard, brought this action against Northwestern National Life Insurance Company (Northwestern), the appellant, to recover disability insurance benefits for a back injury. Northwestern issued a group disability policy to the National Guard Association of the United States Insurance Trust (NGAUS). The group disability policy provided benefits if the insured became totally disabled as a result of a nonoccupational accidental injury. However, the policy excluded from coverage any injury or sickness arising out of the insured's occupation or employment for which the insured was eligible for worker's compensation benefits or similar coverage.

The appellee incurred a series of back injuries. The first on March 15, 1985, while he was pushing a vehicle at his home. He suffered another on May 17, 1985, at guard drill. The final injury occurred on July 17, 1985, when the appellee was working as a mechanic for the Arkansas National Guard. Appellee received disability benefits for the May 17th injury and received worker's compensation benefits from the United States Department of Labor for the July 17th injury.[1] Whether the benefits from the Department of Labor were actually worker's compensation benefits is not clear.

Northwestern denied liability based on a policy provision excluding any disability for which the insured is eligible for worker's compensation or similar benefits. Northwestern also denied coverage alleging that the Employee Retirement Income Security Act of 1974 (ERISA) preempted the appellant's state law cause of action.

The jury returned a verdict of $19,800 for the appellee. The trial court awarded a 12% statutory penalty and attorneys' fees of $10,000. The appellant appeals from the trial court's denial of its post trial motions for a new trial or in the alternative for

---

[1] Appellee received benefits of $21.67 for the May 17th injury under the rehabilitation clause of the policy.

judgment notwithstanding the verdict. The appellee cross appeals, alleging the $10,000 attorneys fee awarded by the trial court is inadequate.

The appellant contends the trial court erred in refusing to give the jury an estoppel instruction. Our case law is quite clear that estoppel *in pais* or equitable estoppel may be pled in both courts of equity and courts of law. *Aclin* v. *Caplener*, 229 Ark. 718, 318 S.W.2d 141 (1958); *People's Fire Insurance Association of Arkansas* v. *Goyne*, 79 Ark. 315, 96 S.W. 365 (1906). The appellant pled the affirmative defense of estoppel, as required by ARCP Rule 8(c), in his amended answer. Appellant then requested an estoppel instruction, relying on *Atkins* v. *Pilot Life Ins. Co.*, 4 Ark. App. 257, 630 S.W.2d 50 (1982).

In *Atkins* the claimant signed a joint petition that his lung and brain abscess problems were work related and collected $15,000 in worker's compensation benefits as a result of a settlement with his employer and the Workers' Compensation Commission. Subsequently, the claimant attempted to collect under a health care policy claiming the illness to be non-work related. The Court of Appeals held that the claimant signed a sworn joint petition maintaining that his lung and brain abscess problems were work related, and therefore, the claimant was estopped from asserting either illness to be non-work related. The Court of Appeals quoted from a Texas Court of Appeals case citing the controlling rule:

> If one having a right to pursue one of several inconsistent remedies makes his election, institutes suit, and prosecutes it to final judgment, or receives anything of value under the claim thus asserted, or if the other party has been affected adversely, such election constitutes an estoppel thereafter to pursue another and inconsistent remedy.

*Aetna Life Insurance Company* v. *Bocanegra*, 572 S.W.2d 355 (Tex. Civ. Ct. App. 1978).

Here, the appellee signed a statement certifying that his July 17, 1985, injury was sustained in the performance of his duty as an Arkansas National Guard mechanic. Subsequently, the appellee instituted suit to collect disability benefits from the appellant alleging that the March 15, 1985, back injury was the perma-

nently disabling injury. On one hand the appellee claimed that the July 17th injury was work related, on the other he claims that the July 17th injury was not work related but merely an aggravation of his earlier non-occupational injury.

The appellant's theory of the case is that the benefits for which the appellee now seeks recovery relate to the same back injury, the July 17th episode, for which he recovered worker's compensation benefits. Relying on *Atkins* the appellant requested an estoppel instruction because the election by the appellee to collect worker's compensation benefits for the July 17th injury precludes collection of disability payments for the same injury. Despite the trial judge's remark that estoppel was not familiar to the jury and not generally understood by laypersons, our law requires that a trial court instruct the jury on all material issues presented by the pleadings and the evidence. *Daniel* v. *Quick*, 270 Ark. 528, 530 S.W.2d 81 (1980). Estoppel was pled in the appellant's amended answer, and there was sufficient evidence to justify the estoppel instruction.

The appellee argues that an estoppel instruction was not appropriate because the appellant failed to prove the four central elements of estoppel.[2] The Texas Court of Appeals answered this concern in *Aetna Life Insurance Company* v. *Bocanegra, supra*, explaining the consistency principle.

> While the principle of requiring consistency is customarily considered a form of equitable estoppel, although lacking the elements of reliance and injury, it is more a matter in the nature of a positive rule of procedure based on manifest justice.

We find that the trial judge's failure to give the appellant's estoppel instruction constituted error, and accordingly we reverse.

---

[2] The four elements of estoppel are: (1) the party to be estopped must know the facts; (2) one must intend that his conduct shall be acted on or must so act that the party asserting the estoppel has the right to believe the other party so intended; (3) the party asserting the estoppel must be ignorant of the true facts; and (4) the party asserting the estoppel must rely on the other party's conduct. *Linda Elenia Askew Trust* v. *Hopkins*, 15 Ark. App. 19, 688 S.W.2d 316 (1985).

Although we reverse upon the finding the trial judge erred in failing to give an estoppel instruction, we comment on appellant's additional points for reversal for purposes of retrial. The appellant contends it was error to hold that the appellee's state law causes of action were not preempted by the Employee Retirement Income Security Act of 1974 (ERISA).[3] The appellee counters that the ERISA defense was waived because it is an affirmative defense which was not asserted in the pleadings pursuant to ARCP Rule 8(c). Here, the ERISA preemption was not mentioned in the pleadings as an affirmative defense. The ERISA preemption was raised on the day of the trial, September 28, 1988, and was argued in a trial memorandum filed with the court on October 5, 1988, after the jury's verdict. We find the record is inadequate to determine whether ERISA preempts the state law causes of action.

The appellant also alleged that the trial court erred in admitting plaintiff's/appellee's exhibit #13, a document addressed to the appellee from the Civil Service Retirement System. Appellee introduced this document in part to prove that the funds from the Department of Labor were charged against his retirement benefits and therefore did not constitute worker's compensation or similar benefits. The appellant argued that this document was the only basis upon which the jury might have determined that the appellee was not attempting to recover disability benefits from the same injury for which he received worker's compensation benefits.

The trial court exercises discretion in the admission of evidence. *Missouri Pac. R.R.* v. *Mackey*, 297 Ark. 137, 760 S.W.2d 59 (1988); *McNair* v. *Ozark Gas Transmission System*, 292 Ark. 235, 729 S.W.2d 165 (1987); A.R.E. Rule 103(a). Absent an abuse of this discretion, we will not reverse the trial court's ruling. The appellee failed to properly authenticate the document as a public record, and failed to establish a proper foundation. However, this evidence was not the only basis from which the jury could have concluded that the Department of Labor payments were not "worker's compensation" benefits.

---

[3] The appellee's complaint alleged breach of contract and also asked for a 12% statutory penalty and attorneys' fees pursuant to Ark. Code Ann. § 23-79-208 (1987).

Lynda Harris testified that the funds paid by the Department of Labor were charged against the appellee's disability retirement fund. Since we do not presume error, it was the appellant's duty to demonstrate it. *Reed* v. *Alcoholic Beverage Control Division*, 295 Ark. 11, 746 S.W.2d 368 (1988); *The Baldwin Co.* v. *The Ceco Corporation*, 280 Ark. 519, 659 S.W.2d 941 (1983). Absent proof of prejudice we find that the admission of exhibit #13 did not constitute reversible error. While under these circumstances we find the appellee's failure to properly authenticate or establish a foundation was harmless error, on retrial that may not be true.

Reversed and remanded.