170 F.Supp.2d 861 (2001)
In re AIR CRASH AT LITTLE ROCK, ARKANSAS, on JUNE 1, 1999.
Susan Bulloch, as Parent and Natural Guardian of Lauren Bulloch, Plaintiff,
v.
American Airlines, Inc., A Delaware Corporation, Defendant.
Nos. MCL 1308, 4:01CV00674HW.
United States District Court, E.D. Arkansas, Western Division.
October 2, 2001.

*862 MEMORANDUM OPINION

HENRY WOODS, District Judge.
The plaintiff has filed a motion to remand in the above-captioned matter, in which Susan Bulloch, as parent and natural guardian of Lauren Bulloch, a minor, sues American Airlines (American) for loss of consortium. Plaintiff's father, Lawrence Bulloch, was injured in the crash of American Airlines flight 1420 at Little Rock, Arkansas, on June 1, 1999. Lauren and both of her parents are citizens and residents of Colorado. American has its principal place of business in Texas. The father's suit for his injuries has been filed in the Eastern District of Arkansas and is consolidated with plaintiff's mother's suit for loss of spousal consortium, also pending in the Eastern District of Arkansas.
The instant suit was originally filed on May 30, 2001, in the Dallas County Court in Texas, Cause No. CC-01-05758-D. American removed the case to the U.S. District Court, Northern District of Texas, Docket No. 3:01-1316, on the basis of diversity. On July 26, 2001, the Judicial Panel on Multidistrict Litigation issued a conditional transfer order (CTO-4) transferring this case to my docket, where 75 cases growing out of the crash have been tried, settled or are presently being litigated. The plaintiff has filed a motion to remand the case to the Dallas, Texas, County Court on the grounds that it was improvidently removed. The defendant has filed a motion for summary judgment. While plaintiff's argument has some superficial appeal, since American has its principal place of business in Texas, the motion must be denied for the following reasons.
Loss of consortium of a child, like a wife or husband's loss of consortium, is universally considered a derivative cause of action, which must be filed in conjunction with a parent's pending cause of action. This particular cause of action is recognized in a minority of jurisdictions. A recent article (1994) in the Nebraska Law Review reviews the current case law. Brian A. Mark, Home Alone: The Nebraska Supreme Court Rejects the Child's Right to Loss of Consortium For a Negligently Injured Parent in Guenther v. Stollberg, 242 Neb. 415, 495 N.W.2d 286 (1993). This article lists sixteen states that now allow a child to recover for loss of consortium, including Texas. Reagan v. Vaughn, 804 S.W.2d 463 (Tex., 1990). Twenty-two states are listed as specifically denying the right of a child to sue for loss of consortium, including Colorado and Arkansas, the states of residence and forum in the case at bar.
Because the plaintiff's claim is derivative, the only proper jurisdiction and venue for this child's consortium claim was the U.S. District Court in the Eastern District of Arkansas where the father's claim is pending.
If there were justification for applying Texas law in this case under the conflict of laws theory of depecage, Texas law might arguably be applied, even though the instant *863 case must be tried in Arkansas, along with the father's cause of action. Ewing v. St. Louis-Clayton Orthopedic Group, 790 F.2d 682 (8 Cir., 1986).
However, I can find no basis for the application of Texas law. All the plaintiffs are citizens and residents of Colorado. Colorado does not recognize the right of a child to sue for loss of consortium as a result of injury to a parent. Lee v. Colorado Dept. of Health, 718 P.2d 221 (Colo. en banc, 1986). Loss of consortium in Colorado is a derivative cause of action. Id: Elgin v. Bartlett, 994 P.2d 411 (Colo. en banc, 1999). Arkansas has also expressly held that there is no right of a child to recover for loss of consortium for injury to a parent. See Gray v. Suggs, 292 Ark. 19, 728 S.W.2d 148 (1987); see also the case note in the 43 Arkansas Law Review, 405 (1990), entitled: Davis v. Elizabeth General Medical Center: Loss of Consortium in the Parent-Child Relationship, which contains a critical discussion of Gray v. Suggs, supra.
Based on the above authorities, it is also clear that defendant's motion for summary judgment should be granted, and this case must be dismissed.